Shamsun Nahar IQBAL;
et al., Petitioners,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 07–73930.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 23, 2010.

Shamsun Nahar Iqbal, Los Angeles, CA, pro se.

Sami Jony Iqbal, Los Angeles, CA, pro se.

Blair O'Connor, Assistant Director, OIL, Mary Jane Candaux, Assistant Director, Briena Strippoli, Esquire, Trial, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

Shamsun Nahar Iqbal and her minor son, natives and citizens of Bangladesh, petition pro se for review of a Board of Immigration Appeals' ("BIA") decision denying her motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Toufighi v. Mukasey,* 538 F.3d 988, 992

(9th Cir.2008), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Iqbal's challenge to an immigration judge's April 19, 2001 decision to deny Iqbal asylum and related relief. *See* 8 U.S.C. § 1252(b)(1) (requiring petition for review to be filed within 30 days of final order of removal).

The BIA did not abuse its discretion in denying Iqbal's motion to reopen as untimely and number-barred because it was Iqbal's third motion to reopen and it was filed four years after the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of final order of removal); 8 U.S.C. § 1229a(c)(7)(A) (a party may file only one motion to reopen), and Iqbal failed to establish changed circumstances in Bangladesh to qualify for the regulatory exception to the time and number limitations, *see Toufighi,* 538 F.3d at 996.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.